# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **ANTHONY R. JONES**, §<br>*Plaintiff,* § <br> § <br> v. §   Civil Action No. 4:19-cv-01956 <br> § <br> **TEXAS DEPARTMENT OF** § <br> **INSURANCE, TEXAS MUTUAL** § <br> **INSURANCE CO., AND BEST** § <br> **REDI MIX HOLDING CO. LLC** § <br> *Defendant.* § | |

**TEXAS DEPARTMENT OF INSURANCE–WORKERS' COMPENSATION DIVISION'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

TO THE HONORABLE U.S. DISTRICT JUDGE LEE H. ROSENTHAL:

Comes now the Texas Department of Insurance–Workers' Compensation Division (Division) and files this motion to dismiss and shows the Court as follows:

## INTRODUCTION

On July 11, 2016, Plaintiff was injured while on the job at Best Redi Mix Holding Company. Jones filed a workers' compensation claim and a contested case hearing was held on such complaint. On March 18, 2019, the hearing officer issued a Decision and Order which was subsequently affirmed by the Appeals Panel. Jones now appeals that order by suing both his employer and the Division.

## MOTION TO DISMISS

### 1. FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Jones has failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a complaint can be dismissed for failure to state a claim on which relief may be granted. FED. R. CIV. P. 12(b)(6). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . ." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989).

It appears that Jones is asking the Court to set aside the Division's Decision and Order pursuant to his right of judicial review of the agency decision, but he makes no actionable claim against the Division. *See* TEX. LAB. CODE § 410.301–.306. Jones seeks damages from both defendants but does not clearly make claims against the Division for which he may recover. Accordingly, Jones's claims against the Division should be dismissed.

### 2. IMPROPER PARTY

The Division is not a proper party to a suit for judicial review. Jones is entitled to a trial de novo against his employer, Best Redi Mix, and can resolve any errors that allegedly occurred in the administrative process. The Texas Labor Code specifically states, "[a] party seeking judicial review shall simultaneously provide a copy of the party's petition to the division." TEX. LAB. CODE § 410.253(a)(3).

### 3. LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(B)(1)

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In any lawsuit, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause of action. *Id.* Further, any claim by Jones that might be construed as a request for declaratory relief against the Division is barred because the Division, as sovereign, enjoys immunity from claims unless it consents to suit. *See, e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity from suit deprives a court of subject matter jurisdiction if jurisdictional prerequisites are not followed. *Reata Constr. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006).

The Labor Code clearly states that it does not authorize "a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code." TEX. LAB. CODE § 501.002(c). Although the Tort Claims Act creates a limited waiver of sovereign immunity for certain torts, the Labor Code does not waive sovereign immunity beyond that which is contained in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.025; TEX. LAB. CODE § 501.002(c). Further, the Texas Government Code states, "[i]n order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute

shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE § 311.034.

Here, Jones's claims do not fall under the Tort Claims Act and the Division has not waived immunity. Accordingly, Jones's lawsuit against the Division is inappropriate and should be dismissed.

4. **ULTRA VIRES**

In *Heinrich*, the Texas Supreme Court expressly held that *ultra vires* suits for declaratory relief may only be brought against state officials in their official capacities and not against the state itself or its agencies. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009). Further, an *ultra vires* act must involve actions that either exceed that state official's authority or a refusal to perform a purely ministerial act. Suits for *ultra vires* acts will not lie when the state official is required to exercise his or her discretion in the performance of his or her duties. *Id.* at 372.

Here, all of Jones's claims are premised on actions taken during the administrative process. The hearing officer, as a government employee performing work on the government's behalf is immune from suit based on the principle of derivative sovereign immunity. *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377, 389 (2012). Decisions made during the administrative process were within the hearing officer's authority, therefore no *ultra vires* claim can succeed. *Sledd v. Garrett*, 123 S.W.3d 592, 594–96 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Further, the Division did not exceed its authority because the Division has been granted exclusive jurisdiction to administer the workers' compensation system in the State of Texas by the Texas Legislature. TEX. LAB. CODE § 402.001. An action is *ultra vires* only when an agency issues an order completely outside its statutory jurisdiction or "without [any] authority or in violation of a statute." *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 527 (Tex. App.—Austin 2002, pet. denied), *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 111–12 (1984). Mistakes or errors in procedure in the contested case hearing process do not render the Division's action *ultra vires*. *Friends of Canyon Lake*, 96 S.W.3d at 528; *Coastal Habitat All. v. Pub. Util. Comm'n of Tex.,* 294 S.W.3d 276, 285 (Tex. App.—Austin 2009, no pet.). It is also not an *ultra vires* act for an agency to incorrectly interpret the law. *Id.* "The fact that the [agency] might decide 'wrongly' in the eyes of an opposing party does not vitiate the agency's jurisdiction to make an initial decision." *N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 459 (Tex. App.—Austin 1992, writ denied). Further, the rulings on motions in the contested case hearing involve the exercise of discretion by the hearing officer, so the *ultra vires* exception to the doctrine of sovereign immunity is not implicated.

**PRAYER**

Jones has shown no waiver of sovereign immunity that would allow this suit to go forward against the Division. Accordingly, the Division prays that this Court dismiss it from the above-styled and numbered cause, and for such and further relief to which the Division may show itself to be justly entitled.

> Respectfully submitted,
>
> KEN PAXTON
> Attorney General of Texas
>
> JEFFREY C. MATEER
> First Assistant Attorney General
>
> DARREN L. MCCARTY
> Deputy Attorney General for Civil Litigation
>
> CRAIG J. PRITZLAFF
> Chief, Administrative Law Division
>
> */s/ Dennis M. McKinney*
> DENNIS M. MCKINNEY
> Assistant Attorney General
> State Bar No. 13719300
> OFFICE OF THE ATTORNEY GENERAL OF TEXAS
> Administrative Law Division
> P.O. Box 12548, Capitol Station
> Austin, Texas 78711-2548
> Telephone:   (512) 475-4020
> Facsimile:    (512) 320-0167
> dennis.mckinney@oag.texas.gov
>
> ***Attorneys for Texas Department of Insurance–Division of Workers' Compensation***

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the above and forgoing document has been served to the following on June 21, 2019, to the following counsel of record *Via E-Service and/or First-Class USPS Mail*:

Anthony R Jones
14411 Dano Ct.
Houston, Texas 77090-7111
Tel:   (281) 709-5107
*Plaintiff Pro Se*

Gilbert Atkinson
State Bar No.:  00789132
LAW OFFICE OF GILBERT ATKINSON
14520 Memorial Dr. Ste. M
Houston, Texas 77079-5427
Tel:   (713) 269-3577
*Attorney for Defendant TMI*

Best Redi Mix Holding Co., LLC
7119 Kindred St.
Houston, Texas 77049-3455
*Defendant*

>  */s/ Dennis M. McKinney*
>  DENNIS M. MCKINNEY
>  Assistant Attorney General